UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-0987 JGB (ACCVx)** | Date | May 28, 2026 |
|---|---|---|---|
| Title | *Jose Rosas, et al. v. Menasha Global LLC, et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    Order (1) DENYING Plaintiffs' Motion for Remand (Dkt. No. 19); and (2) VACATING the June 1, 2026, Hearing (IN CHAMBERS)**

Before the Court is a Motion for Remand filed by Plaintiffs Jose Rosas and Marco Antonio Casillas. ("Motion," Dkt. No. 19.) The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court **DENIES** the Motion. The hearing set for June 1, 2026, is **VACATED**.

## I.    BACKGROUND

On June 9, 2025, Plaintiffs filed a Complaint in the Superior Court of California for the County of San Bernardino against Defendant Menasha Global LLC. ("Complaint," Dkt. No. 1-1.) The Complaint was served on Menasha Global LLC on November 12, 2025. (Mot. at 2.) The Complaint alleges nine causes of action: (1) failure to page overtime wages; (2) failure to pay minimum wages; (3) failure to provide meal periods; (4) failure to provide rest periods; (5) waiting time penalties; (6) wage statement violations; (7) failure to indemnify; (8) violation of quota laws; and (9) unfair competition. (Compl.)

On February 2, 2026, Plaintiffs filed Doe Amendments adding Menasha Packaging Corporation, LLC and Menasha Corporation as Defendants. (See Mot. at 2.) On January 2, 2026, Menasha Packaging Corporation, LLC removed the action to federal court pursuant to the Class Action Fairness Act of 2005 ("CAFA") and 28 U.S.C. §§ 1332(d) and 1453. ("Notice of Removal," Dkt. No. 1.) On February 3, 2026, Plaintiffs filed the instant Motion. (Mot.) Defendants opposed the Motion on February 20, 2026. ("Opposition," Dkt. No. 21.) Plaintiffs replied in support of the Motion on March 9, 2026. ("Reply," Dkt. No. 23.)

## II.    LEGAL STANDARD

"CAFA gives federal district courts original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interests and costs." Ibarra v. Manheim Investments, Inc., 775 F.3d 1193, 1195 (9th Cir. 2015). "In determining the amount in controversy, courts first look to the complaint.  Generally, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." Id. at 1197 (quotations omitted).   "Whether damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." Id.

Where a plaintiff makes a factual attack in the context of CAFA jurisdictional requirements, defendants are required to support their jurisdictional allegations with proof typically considered at summary judgment.  A factual attack "contests the truth of the . . . allegations" themselves. Id. (citation omitted).  "When a plaintiff mounts a factual attack, the burden is on the defendant to show, by a preponderance of the evidence, that the amount in controversy exceeds the $5 million jurisdictional threshold." Id.  (quoting Ibarra, 775 F.3d at 1197).  A factual attack "need only challenge the truth of the defendant's jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by evidence." Harris v. KM Indus., Inc., 980 F.3d 694, 700 (9th Cir. 2020) (citing Ibarra, 775 F.3 at 1199 (finding that it is sufficient to "contest[ an] assumption" without "assert[ing] an alternative [assumption] grounded in real evidence")).

A defendant is required to file a notice of removal that includes only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 88 (2014).  But if a plaintiff contests these allegations, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Id.  The preponderance of the evidence standard requires that "the defendant must provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount." Sanchez v. Monumental Life. Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996) (internal quotations omitted).  The parties "may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of the removal." Ibarra, 775 F.3d at 1197 (internal quotations and citation omitted).  "[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." Id.

"CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." Id. at 1198.  "As with other important areas of our law, evidence may be direct or circumstantial.  In either event, a damages assessment may require a chain of reasoning that includes assumptions. When that is so, those assumptions cannot be pulled from

---

**CIVIL MINUTES—GENERAL**                    Initials of Deputy Clerk MG

thin air but need some reasonable ground underlying them." Id. at 1199. "Under the preponderance of the evidence standard, if the evidence submitted by both sides is balanced, in equipoise, the scales tip against federal-court jurisdiction." Id.

## III.  DISCUSSION

### A.  Amount in Controversy

Plaintiffs first argue that their case must be remanded because the amount in controversy requirement under CAFA has not been met. They assert that "Defendant has not met their burden under either the summary-judgment or plausible basis standard" in the Notice of Removal. (Mot. at 5.) The Court frequently sees arguments from attorneys representing plaintiffs in employment law cases taking a similar position, yet these arguments are entirely divorced from the clear standards laid out in federal caselaw. (See, e.g., Case No. 5:25-cv-02533-JGB-SP, Dkt. No. 16.) Defendant's Notice of Removal need not contain "summary judgment-style" evidence. At the point when removal occurs, the defendant is free to operate as though "the defendant's amount-in-controversy allegation" will be accepted, because until those allegations are "contested by the plaintiff or questioned by the court," there is no greater burden on the defendant. Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 87 (2014). It is only when the plaintiff contests the defendant's allegations in a motion for remand that "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Id. at 88. A plaintiff's motion may trigger the burden, but it cannot castigate a defendant for not preemptively carrying it. By casting Defendants' actions as insufficient under the removal standard for not offering evidence in the Notice of Removal, Plaintiffs' Motion misstates the clear legal standard and falsely portrays Defendants as failing to carry a burden they had not yet been obligated to bear.

A plaintiff's "factual attack . . . need only challenge the truth of the defendant's jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by evidence." Harris v. KM Indus., Inc., 980 F.3d 694, 700 (9th Cir. 2020). Regardless of what evidence is in the Notice of Removal, Defendants have offered the sworn declaration of Robert Buckner, a Director of Human Resources, containing concrete data regarding the number of individuals employed in California during the relevant period and details about their work hours and pay rates. (See Declaration of Robert Buckner ("Buckner Decl.," Dkt. No. 24-1.) Plaintiffs' objections to the Buckner Decl. are unpersuasive and **OVERRULED** at this stage. The "at times" language in Plaintiffs' Complaint is imprecise and does not render Defendants' violation rates unsupported or in conflict. Defendants' offer of proof satisfies the preponderance of the evidence standard and sufficiently supports their evaluation of the amount in controversy.

The language in Plaintiffs' Complaint certainly "could support a lower violation rate as easily as it could support the violation rate that [Defendants] assumed. But that does not automatically render the rate assumed by [Defendants] unreasonable. And if [Plaintiffs] believed that some other assumption would have been *more* reasonable, [they were] free to propose that

---

rate. ([They were] also free to use some more specific phrase[s] . . . when drafting the complaint; had [they] done so, [they] could have constrained the range of assumptions that [Defendants] could reasonably adopt.)" <u>Perez v. Rose Hills Co.</u>, 131 F.4th 804, 810 (9th Cir. 2025).  As it stands, however, the amount in controversy as alleged by Defendants is sufficient to support removal.  As such, the Court declines to remand based on the amount in controversy.

## B.  Equitable Claim

Plaintiffs argue that the entire case must be remanded because they raise an equitable claim that cannot be adjudicated in this Court.  (Mot. at 7-8.)  The Court is unpersuaded. Plaintiffs plead multiple causes of action that do not pose issues under the limits of this Court's jurisdiction over equitable claims.  (<u>See</u> Compl.)  The Court frequently entertains cases with inadequately pled equitable claims, which are dismissed if they cannot be properly amended to satisfy the Court's equitable jurisdiction standards.  Unlike in <u>Clevenger v. Welch Foods Inc.</u>, this case does not involve an equitable claim that was previously pled in state court, removed to federal court, dismissed from federal court, re-pled in state court, and then re-removed to federal court in an apparent effort to insulate the claim from ever being heard in any court.  <u>See</u> 2023 U.S. Dist. LEXIS 38305, at *3 (C.D. Cal. Mar. 7, 2023).  Plaintiffs offer no persuasive authority for remanding an entire case because one claim among many presents an issue with satisfying federal equitable pleading standards.  As such, the Court declines to remand the case on this basis.

Having determined that neither basis offered by Plaintiffs for remanding the case is persuasive, Plaintiffs' Motion is **DENIED**.

## IV.   CONCLUSION

For the foregoing, the Court **DENIES** Plaintiffs' Motion.  The June 1, 2026, hearing is **VACATED**.

**IT IS SO ORDERED.**